UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHEVRON INTELLECTUAL
PROPERTY, LLC, et al.,

    Plaintiffs,

v.                                      No.3:07-cv-185-J-12TEM

ASSAD D. KINO and
SELMA Z. KINO,

    Defendants.

## ORDER

This cause is before the Court on Plaintiffs' Motion for Default Final Judgment and Incorporated Memorandum of Law (Doc. 11), filed August 29, 2007. Upon review of the Plaintiffs' motion, the Court finds that it is due to be stricken.

The motion contains a signature only after the Certificate of Service. Federal Rule of Civil Procedure 11(a) and 5(d) require that all motions be signed by an attorney of record or by the party and that a certificate of service be included with all papers filed with the Court after the filing of the Complaint. Local Rule 1.05(d) prescribes the form for each signature. This Court has read these rules to require two signatures on all motions submitted, one at the conclusion of the motion as required by Fed.R.Civ.P.11(a) and another with the certificate of service required by Fed.R.Civ.P. 5(d). The failure to provide a signature at the conclusion of the motion for default provides one basis for striking the motion.

Plaintiffs' motion for default judgment also is deficient in that Federal Rule of Civil Procedure 55 first requires a party to seek an entry of default from the Clerk under subsection (a) before moving for default judgment under subsection (b). Plaintiffs have not sought an entry of default from the Clerk.

As part of their motion for default judgment, Plaintiffs seek attorneys fees pursuant to 15 U.S.C. §§ 1117 (a) and (b). Pursuant to § 1117(a) "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." After obtaining a Clerk's default, in addition to the affidavit of Plaintiffs' counsel regarding the time spent and hourly rates charged, counsel should also submit to the Court with his motion for default judgment an affidavit from a disinterested attorney familiar with this type of action in the Middle District of Florida to establish the reasonableness of the time spent and hourly rates sought.

Plaintiffs also should mail copies of all submissions to the Defendants and note the address used in the certificate of service.

Accordingly, for the reasons stated above, it is

ORDERED AND ADJUDGED:

That the Plaintiffs' Motion for Default Final Judgment and Incorporated Memorandum of Law (Doc. 11) is hereby stricken without prejudice.

DONE AND ORDERED this 12TH day of September 2007.

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendants

Selma Z. Kino
610 SR 206 East
St.Augustine, FL 32086

Assad O. Kino
610 SR 206 East
St.Augustine, FL 32086